UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATALIE ROSE PETERS,

Petitioner,

Case No. 26-cv-124-pp

v.

WAUKESHA COUNTY CIRCUIT COURT,
WAUKESHA COUNTY DISTRICT ATTORNEY'S OFFICE
and WAUKESHA COUNTY SHERIFF'S DEPARTMENT,

Respondents.

**ORDER OVERRULING OBJECTIONS (DKT. NO. 9), ADOPTING JUDGE
DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 4), DISMISSING
CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On January 26, 2026, the petitioner filed a petition for a writ of *habeas
corpus* under 28 U.S.C. §2241. Dkt. No. 1. In the field asking her to identify the
name of the institution where she was confined, the petitioner wrote,
"Constructive Restraint of liberty under 28 U.S.C. § 2241(c)(3)." Id. at 1. In the
section asking her whether she was being held on orders of federal, state or
other authorities, the petitioner marked the "other" box, then write, "Civil
court: regulatory infraction, legislative jurisdiction concealed commercial
'criminal' charges.'" Id. In the section asking whether she was a pretrial
detainee, a convicted person serving a sentence, a person being held on an
immigration charge or "Other," the petitioner selected "Other," then wrote:
"Court refused tender of equitable subrogation/revocation/revestment of case
trust securities (CUSIP 67065R689). Ongoing refusal to disclose nature of
accusation; refusal to account for bonds/securities; retention of seized vehicle;

1

failure to recognize 26 U.S.C. § 676." <u>Id.</u> In the field asking her to explain what she was challenging—how her sentence was being carried out, pretrial detention, immigration detention, detainer, the validity of a conviction or sentence, disciplinary proceedings, or "Other," the petitioner again marked the box next to "Other." <u>Id.</u> at 2. She then wrote, "Under the 6th Amendment of the United States Constitution, the action was commercial in 'NATURE' in accord with 27 7CFR § 72.11 'commercial crimes defined' and Black Diamond v Robert Stewart & Sons, 336 US 386." <u>Id.</u> When asked to describe the name and location of the relevant agency or court, the petitioner wrote, "Pretrial restraint via bond conditions + unlawful property seizure/deprivation without due process/forfeiture." <u>Id.</u> When asked to describe the decision or action she was challenging, the petitioner wrote, "Judge & Bar members as trustees (5 USC § 3331-3333, 7311, and 50 USC § 4312) were to revoke/revest, setoff, settle, discharge, recoup, and close all accounts for commercial liabilities from minor acct (31 CFR § 636.6) using the Bid, Performance & Payment Bonds, securities at par per CUSIP 67065R69." <u>Id.</u> And she described the date of the decision or action as "[o]ngoing as of 9/4/2025". <u>Id.</u>

On February 19, 2026, Magistrate Judge William E. Duffin screened the petition and issued a report recommending that this Article III court dismiss the petition without prejudice. Dkt. No. 4. On March 3, 2026, the petitioner filed objections to that recommendation. Dkt. No. 9. She also filed a notice of supplemental evidence, dkt. no. 10, a statement of material facts in support of emergency stay, dkt. no. 11, a verified objection and various other documents, dkt. nos. 12-17. Because the petition fails to state a cognizable claim, the court will overrule the objections, deny the petition and dismiss the case without prejudice.

## I. Background

### A. The Petition (Dkt. No. 1)

The petitioner states that she is confined in the "Waukesha County Circuit Court," and serving a sentence in Case No. 2025CF001473, 2024CV01489, and 25-cr-208-LA. Dkt. No. 1 at 1. She asserts that there is an "[o]ngoing refusal to disclose nature of accusation; refusal to account for bonds/securities; retention of seized vehicle" and a "failure to recognize 26 U.S.C. § 676." Id. The petitioner states that she is raising a Sixth Amendment challenge because "the action was commercial in 'NATURE' in accord with 27 7CFR § 72.11 'commercial crimes defined' and Black Diamond v. Robert Stewart & Sons, 336 US 386." Id. at 2.

When asked to identify the state court decision or action that she is challenging, the petitioner wrote:

> Judge & Bar members as trustees (5 USC § 3331-3333, 7311, and 50 USC § 4312) were to revoke/revest, setoff, settle, discharge, recoup, and close all accounts for commercial liabilities from minor acct (31 CFR § 363.6) using the Bid, Performance & Payment Bonds, securities as bar per CUSIP 67065R69.

Id. at 2.

The petitioner says that she has filed three appeals: the first in Waukesha County Circuit Court Case No. 2025CF001473 on December 6, 2025; the second in this federal district in Case No. 25-cr-208-LA on October 22, 2025; and the third on November 25, 2025 (in the space for docket number, case number or opinion number, the petitioner wrote "(See UCC)"). Id. at 2-3. According to the petitioner, she has raised standing, legal capacity, the state's authority to prosecute, id. at 2, trespass and attempted locked entry, intimidation, unlawful seizure and physical assault, conspiracy, defamation, surveillance, criminal complaint defects, bad faith retaliation, threat, securities

3

fraud, tax evasion, fraud and false statements, embezzlement, aggravated identity theft, misappropriation, retaliatory prosecution, bad-faith enforcement, fiduciary breach and equitable subrogation principles, id. at 3. The petitioner says that another complaint she filed about these issues was "[v]oluntarily closed by petitioner after filing; recharacterized as § 1983 claim." Id. at 5.

The petitioner identifies four grounds for relief. First, she alleges a violation of the Sixth Amendment, asserting that the "NATURE" of the accusation is commercial. Id. at 6. Second, she alleges that the "Prosecutor & Clerk of Court filed GSA SF 24, 25, 25A, 28, 273, 274, 275 Bid, Payment, and Performance Bonds, which required the IRS 1099 A to be filed to pull the credit from [her] minor account." Id. Third, the petitioner alleges that a "UCC-1 was filed against the accounting records and securities as [her] property." Id. Fourth, she says,

> I hereby revoke, rescind, and cancel ANY AN[D] ALL SIGNATURES and any and all silent or assumed powers of attorney, known or unknown contracts conferring trusteeship causing me as the Beneficiary to be placed as a Trustee to the Trust. Failure or refusal to revoke & revest appears to be felony embezzlement against my estate 18 USC § 153.

Id. at 7.

Under "Request for Relief," the petitioner wrote:

> As assigned co-trustee for the Estate (50 USC § 4312, 28 USC § 581); perform equitable SUBROGATION: setoff, settle, balance the account to zero $0, recoup, discharge all liabilitie per 31 CFR § § 203, 225, 7, 363.6, and 28 USC § 2041-2045. Release me at liberty. Birth Certificate Bank Note Bond Attached Bearing State File Number: 148-0000300745, CUSIP: 67065R69. The Bond Trust is ordered revoked and revested in accordance with 26 USC § § 7201-7206, 671-677.

Id. at 8.

4

B.      <u>Report and Recommendation</u> (Dkt. No. 4)

After explaining that a federal court has jurisdiction over pretrial *habeas* petitions under 28 U.S.C. §2241(c)(3) when a prisoner is in custody in violation of the Constitution, Judge Duffin observed that the petitioner had not directly challenged any restraint of liberty on her physical person. Dkt. No. 8 at 4. He found that the petitioner had not offered any context about the release that she seeks or how any custody violates the Constitution or laws of the United States. <u>Id.</u> Judge Duffin determined that even if the petitioner had established that she was in custody, she had not exhausted her state court remedies as required of all *habeas* petitioners. <u>Id.</u> Judge Duffin explained although the petitioner stated that she had appealed to the Waukesha County Circuit Court and the Eastern District of Wisconsin, those efforts did not constitute exhaustion or constitute the special circumstances necessary to allow a federal court to intervene in a state criminal proceeding before trial. <u>Id.</u> at 5. Because the petitioner had not established that she was in physical custody or that she had exhausted her state court remedies, Judge Duffin recommended dismissal of the petition without prejudice.

C.      <u>Objections</u> (Dkt. No. 9)

The petitioner first objects to the recommendation because she says that she *is* in custody—she says that she was released on a personal recognizance or signature bond. Dkt. No. 9 at 1. She adds that she was subjected to actual physical custody and harm during an eighty-eight-hour detention from February 20 to 24, 2026. <u>Id.</u> With respect to the custody requirement, the petitioner states that she was subjected to "24-hour high intensity illumination and denied all telephone access for 70 hours" while being placed on a suicide watch. <u>Id.</u> at 2.

5

The petitioner also objects to Judge Duffin's conclusion that she is required to exhaust her state court remedies, asserting that her case falls under the "special circumstances" exception for cases where state court remedies are ineffective, futile or unavailable. Id. The petitioner argues that she shouldn't have to appeal because an appeal cannot rewind the destruction of her business, deprivation of her vehicle and displacement of her minor children. Id. at 4.

The petitioner asserts that the state prosecution is being conducted in bad faith. Id. at 2. Citing a "letter of non-existence" and "late oath," the petitioner argues that the judge—without authority—has committed a "ministerial duty violation" by refusing to rule on threshold jurisdictional motions. Id. She explains that she believes the judge failed to file his official oath within the ten-day limit and that the Secretary of State issued a "letter of Non-Existence" confirming that there is no "individual official surety bond is on file for the Respondent." Id. She accuses the judge of acting in bad faith by failing to rule on her motions. Id. at 3. She asserts that the state violated her Sixth Amendment rights by "the non-consensual assignment of a public defender." Id.

The petitioner asks that under 28 U.S.C. §2551, the court grant an immediate stay of Waukesha County Circuit Court Case No. 2025CF001473, order an evidentiary hearing and grant other relief as the court deems just, equitable and proper. Id. at 5.

After filing this objection, the petitioner continued to file documents with this court. On March 9, 2026, the clerk's office docketed the petitioner's "NOTICE OF SUPPLEMENTAL EVIDENCE FOR HABEAS CORPUS." Dkt. No. 10. In this document, the petitioner states that the attached certified records

6

establish that the office of Waukesha County Circuit Court, Branch 3, is vacant under Wis. Stat. §17.03(7) such that all orders issued by the court in her criminal case are "void ab initio." Id. The petitioner referenced—but did not attach—Exhibits A and B.

On March 17, 2026, the court received from the petitioner a "STATEMENT OF MATERIAL FACTS IN SUPPORT OF EMERGENCY STAY." Dkt. No. 11. The four-page filing references the "organic law of the State of Wisconsin," which the petitioner asserts requires the filing of an official oath and mandatory surety bond as a condition precedent to the exercise of judicial power. Id. at 2. She emphasizes that this is not a mere formality but a "solemn invocation of Divine witness and a condition precedent of the exercise of power over a free people." Id. She maintains that she has conclusive evidence that the circuit judge failed to satisfy these requirements. Id. She reasons that the judge is engaged in a "rogue proceeding characterized by bad faith and retaliatory abuse for a criminal machinery." Id. at 3. According to the petitioner, the "individual" has initiated a new felony case for bail jumping. Id. (citing Waukesha Count Circuit Court Case No. 2026CF000254). And the petitioner says that the Wisconsin Supreme Court summarily denied a "Petition for Original Action on March 11, 2026, and the Chief Judge of the Third Judicial District has refused to act on formal Notices of Judicial Vacancy." Id. The petitioner states that federal intervention is necessary to prevent the "usurper from exercising the functions of a public office and to protect the Petitioner from the unauthorized exercise of power over life and liberty." Id. at 4.

Three days later, the court received from the petitioner copies of documents she filed with the Wisconsin Supreme Court, including a petition seeking "supervisory relief, writ of mandamus, writ of prohibition, temporary

relief and/or writ of quo warranto." Dkt. No. 12. The court also received 109 pages of exhibits, including documents that appear to have been filed with the Waukesha County Circuit Court. Dkt. No. 12-1.

On April 1, 2026, the court received from the petitioner a "NOTICE OF STATUS, DECLARATION OF POLITICAL STATUS AND JURISDICTIONAL REBUTTAL Under the Most High." Dkt. No. 13. In this document, the petitioner explains that she is a "natural-born living woman," that she does not hold any federal office and that she is domiciled within the State of Wisconsin. Id. at 2. She cites the Fifth, Ninth, Tenth and Fourteenth Amendments without an explanation as to how the respondents violated these rights. Id. at 8.

On April 15, 2026 and April 27, 2026, the court received more documents from the petitioner. Dkt. Nos. 14, 15. The first set of documents includes copies of a declaration in support of relief, a petition for supervisory writ and a motion for temporary relief filed with the Wisconsin Court of Appeals on April 7, 2026. Dkt. No. 14. The second set of documents contains a copy of a letter from the IRS stating it had determined that the petitioner was a victim of identity theft. Dkt. No. 15.

Most recently, the petitioner filed additional documents, dkt. no. 16, and a "VERIFIED OBJECTION TO NOMINATION PAPERS," dkt. no. 17. The documents include decisions from the Wisconsin Court of Appeals and Wisconsin Supreme Court denying her motions to stay the circuit court proceedings and *pro se* petitions for supervisory writs. Dkt. No. 16. In her verified objection (filed almost three months after Judge Duffin issued his recommendation), the petitioner asserts "the nomination papers demonstrate an unprecedented courthouse-wide coordinated effort to place a sitting judge on the ballot." Dkt. No. 17 at 1. According to the petitioner, the "Ralph Ramierz

nomination papers" contain evidence of election fraud, ethics violations, judicial misconduct, clerk and courthouse staff conflicts, statutory vacancy, an ongoing exercise of authority and retaliation, an exhaustion of remedies and institutional bias, and public distrust. Id. at 3. The petitioner argues that the documented pattern of sitting judges and other officers circulating signatures undermines the integrity of the nomination process. Id. at 3. She draws the conclusion that she will not receive "an impartial adjudication at the local level." Id. at 4.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court must review *de novo*—without deference to the magistrate judge—any part of the magistrate judge's recommendation to which a party properly objects. See 28 U.S.C. §636(b)(1)(C). The court can accept, reject or modify (in whole or in part) the magistrate judge's findings or recommendations.

Under 28 U.S.C. §2241, an incarcerated person may seek *habeas* relief if he or she is "in custody in violation of the Constitution or law or treaties of the United States." Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that a district court may apply those rules to "a habeas corpus petition not covered by Rule 1(a)." A §2241 petition is a habeas corpus petition not covered by Rule 1(a), so this court may exercise its discretion to apply the Rules Governing Section 2254 Cases in the United States District Courts to the petitioner's case.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

9

## III. Discussion

Although a federal court can grant *habeas* relief under §2241 to a petitioner awaiting trial on state charges, the United States Supreme Court has recognized that there is a "fundamental policy against federal interference with state criminal prosecutions." <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971). A federal court generally should not intervene in ongoing state criminal proceedings as long as the state court provides the petitioner an opportunity to raise the federal claims and no exceptional circumstances exist. <u>Olsson v. Curran</u>, 328 F. App'x 334, 335 (7th Cir. 2009) (citing <u>Stroman Realty, Inc., v. Martinez</u>, 505 F.3d 658, 662 (7th Cir. 2007)). In most cases, a petitioner must wait for the conclusion of the state criminal proceedings before seeking federal *habeas* relief. <u>Sweeney v. Bartow</u>, 612 F.3d 571, 573 (7th Cir. 2010). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. <u>Id.</u>

The petitioner has multiple ongoing criminal proceedings in Waukesha County Circuit Court, and has filed multiple cases in this federal district court challenging those proceedings. The instant §2241 petition refers to <u>State of Wisconsin v. Natalie R. Peters</u>, Waukesha County Case No. 2025CF001473 (available at https://wcca.wicourts.gov); that case (a criminal case involving multiple felony charges) remains pending in the Waukesha County Circuit Court. A review of the docket for that case reveals that the petitioner did not appear at a jury trial scheduled for March 30, 2026. <u>Id.</u> The Waukesha County Circuit Court judge dismissed the petitioner's motions for lack of prosecution after she failed to appear, and issued a bench warrant for her arrest. <u>Id.</u> The petitioner then forfeited her $100,000 signature bond in the case. <u>Id.</u>

Three times the petitioner has attempted to remove that state criminal case to the federal court for the Eastern District of Wisconsin. Judge Lynn Adelman summarily remanded the case to Waukesha County Circuit Court on October 27, 2025. United States v. Peters, Case No. 25-cr-208. Judge J.P. Stadtmueller summarily remanded the case to the Waukesha County Circuit Court on April 9, 2026. United States v. Peters, Case No. 26-cr-67, Dkt. No. 4. Five days later, this court summarily remanded the petitioner's at removal. United States v. Peters, Case No. 26-cr-76, Dkt. No. 5.

Meanwhile, the petitioner has been charged in Waukesha County Circuit Court with impersonating a public officer and felony bail jumping. State v. Peters, Waukesha County Circuit Court Case Nos. 2026CF254, 2026CF416, and 2026CF455. It does not appear that the petitioner is physically in custody because arrest warrants issued in each case have not been returned. The petitioner's name does not appear on the current inmate list for the Waukesha County Jail. www.waukeshacounty.gov/sheriff/jail-division/current-inmate-list/ (last visited May 11, 2026).

So—the petitioner is not in custody. All four of the petitioner's criminal cases in Waukesha County Circuit Court remain pending, and she has not demonstrated that she cannot raise her concerns in the state court. In the absence of special circumstances, the petitioner must await resolution of these four cases. If she is convicted in any one of them, she may appeal any adverse decisions to the Wisconsin Court of Appeals, and, if she is unsuccessful there, she may seek review with the Wisconsin Supreme Court. The court will adopt Judge Duffin's recommendation.

11

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists would not debate that the petitioner is not entitled to federal *habeas* relief.

## V. Conclusion

The court **OVERRULES** the petitioner's objection. Dkt. No. 9.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 14th day of May, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

12